# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 07-20077-01-KHV |
| JOSE FALCON SANCHEZ, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #74) filed February 4, 2010 and defendant's [Motion For] Amendment For 28 U.S.C. § 2255 Motion (Doc. #76) filed March 1, 2010. For reasons set forth below, the Court overrules both motions.

## Factual Background

On June 20, 2007, a grand jury returned a four-count indictment which, in part, charged defendant with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See Indictment (Doc. #1). On October 21, 2008, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to that charge. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #64). The agreement proposed a sentence of 168 months in prison, ten years of supervised release and waived defendant's right to appeal or collaterally attack any matter in connection with his "prosecution, conviction and sentence." Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) ¶ 9, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #64). On January 27, 2009, the

Court sentenced defendant to 168 months in prison and ten years of supervised release.[1]

Defendant did not appeal, but on February 4, 2010, he filed this motion under 28 U.S.C. § 2255. Defendant claims that his conviction should be vacated because counsel was ineffective in that (1) he did not prevail in his objection to the firearm enhancement, (2) he did not object to the quantity of drugs and (3) he did not file an appeal despite defendant's specific instructions to do so. Defendant also seeks to amend his Section 2255 motion to add claims that counsel was ineffective because (4) he was not licensed to practice law in Kansas and (5) he agreed to a ten-year term of supervised release in the plea agreement.

## Analysis

### I. Defendant's Motion To Amend His Section 2255 Claim (Doc. #76)

Liberally construing defendant's amendment to his Section 2255 motion and his reply brief, defendant argues that counsel was ineffective because he was not licensed to practice law in Kansas and he agreed to a ten-year term of supervised release in the plea agreement. Rule 15 of the Federal Rules of Civil Procedure governs a motion to amend a Section 2255 petition if it is made before the one-year limitation period for filing a Section 2255 petition has expired. United States v. Ohiri, 133 Fed. Appx. 555, 559 (10th Cir. June 7, 2005). Here, defendant filed his amendment after the one-year deadline.[2] An untimely amendment to a Section 2255 motion which clarifies or amplifies a

---

[1] Defendant's total offense level was 35, with a criminal history category I, resulting in a sentencing range of 168 to 210 months.

[2] Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255. If a defendant does not file a direct appeal of his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, on January 27, 2009, the Court entered judgment. See (continued...)

claim or theory in the original motion by way of additional facts may, in the district court's discretion, relate back to the date of the original motion if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000).

Here, the Court denies defendant leave to amend because he seeks to insert new theories which are not raised in his original motion. See id. (rejecting new claims of ineffective assistance of counsel filed two months after deadline in 28 U.S.C. § 2255).[3] The Court also denies leave to amend because the proposed amendment is futile – both proposed claims are procedurally barred and they lack substantive merit.

## II. Defendant's Section 2255 Motion (Doc. #74)

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

The government asserts that in the plea agreement, defendant voluntarily waived his right to file a Section 2255 motion. In his reply, defendant does not address this procedural bar.

---

[2](...continued)
Judgment In A Criminal Case (Doc. #72). Under Rule 4(b) of the then current version of the Federal Rules of Appellate Procedure, defendant's judgment became final ten days later (excluding Saturdays and Sundays) on February 10, 2009. Therefore defendant had until February 10, 2010 to file a motion to vacate under Section 2255.

[3] The Tenth Circuit has explained that the restriction on amendment of a Section 2255 petition is to prevent a defendant from undermining the one-year limitations period by alleging new claims of error after the expiration of the limitations period. See id.

**A.     Procedural Bar – Waiver Of Collateral Challenges (All Claims)**

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004).

        1.      Scope Of The Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **9.     Waiver of Appeal and Collateral Attack.** If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal

> the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal if the Court imposes the sentence requested by the parties. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 9. The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's conviction or sentence. In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187. In this case, defendant's proposed claims do not challenge the validity of the plea or waiver. Accordingly, the claims fall within the scope of the waiver in the plea agreement. See id.

Here, defendant specifically waived his right to raise any collateral challenge in connection with his prosecution, conviction and sentence except as limited by Cockerham, that is except for claims challenging the validity of the plea or waiver. Because defendant's claims of ineffective assistance of counsel do not challenge the validity of the plea or waiver, they fall within the scope of the waiver in the plea agreement. See id.

Defendant correctly notes that a waiver of appeal in the plea agreement does not bar a claim that counsel was ineffective for refusing to file an appeal despite his client's specific instructions to

do so.[4]  See Petitioner's Response To Government's Response To Defendant's Motion Under 28 U.S.C. § 2255 (Doc. #80) at 3.  On a motion to vacate sentence under Section 2255, however, the issue is whether such a claim can overcome a valid waiver of *collateral challenges*.  Defendant cites no authority on this issue.  As explained above, a valid waiver of collateral challenges in the plea agreement waives the right to bring a Section 2255 motion except for ineffective assistance claims which challenge the validity of the plea or the waiver.  See Cockerham, 237 F.3d at 1187.  Defendant's claim that counsel failed to file an appeal does not challenge the validity of the plea or waiver.  See Plea Agreement ¶ 9; see United States v. Macias, 229 Fed. Appx. 683, 687 (10th Cir. 2007) (claim that counsel failed to consult with defendant about appeal barred by waiver of collateral challenges in plea agreement); United States v. Davis, 218 Fed. Appx. 782, 784 (10th Cir. 2007) (claim that counsel failed to file appeal does not go to validity of plea or waiver and therefore is barred by plea waiver); United States v. Phelps, No. 07-40051-01-JAR, 2010 WL 1677754, at *4 (D. Kan. Apr. 26, 2010) (same); United States v. Olden, No. 04-cr-071-TCK, 2009 WL 2922989, at *2 (N.D. Okla. Sept. 9, 2009) (claim for failure to appeal when client instructed counsel to do so barred by waiver of collateral challenges in plea agreement); see also United States v. Mabry, 536 F.3d 231, 239-42 (3d Cir. 2008) (even if counsel was obliged to file direct appeal, waiver of collateral review

---

[4] Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial.  See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003).  If defendant requests an appeal, counsel must file a timely notice of appeal. If counsel believes after conscientious examination that an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738 (1967).

bars relief); Lewis v. United States, No. 08-2084-PHX-DGC, 2009 WL 4694042, at *5 (D. Ariz. Dec. 4, 2009) (Flores-Ortega does not address enforceability of waiver of collateral attack rights).[5]

### 2. Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy. Hahn, 359 F.3d at 1325. The Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that he understood the charge against him, the maximum penalties, the proposed 168-month prison term and 10-year supervised release term under the plea agreement, the rights which he was waiving and the factual basis for his plea. Defendant acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it and that the only reason he was making a plea was that he was in fact guilty as charged. Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary. In sum, the

---

[5] In United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005), defendant waived his right to appeal or collaterally challenge his guilty plea, any aspects of his conviction and his sentence – including the manner in which the sentence was determined. 402 F.3d at 1263 n.2. In dicta, the Tenth Circuit noted that the government did not attempt to enforce the waiver of collateral attacks but that the plain language of the waiver did not address a claim that his attorney did not appeal despite his specific instructions to do so. See id. at 1266 n.5 (citing United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004)). Here, the waiver in the plea agreement covers any matter in connection with defendant's "prosecution, conviction and sentence" and specifically covers motions brought under 28 U.S.C. § 2255. See Plea Agreement ¶ 9. As to Section 2255 motions, the waiver contains an exception only under Cockerham, that is for claims challenging the validity of the plea or waiver. The broad waiver here of Section 2255 claims precludes a claim that counsel was ineffective for failing to file an appeal despite defendant's instructions to do so. See United States v. Shaw, 292 Fed. Appx. 728, 733 n.4 (10th Cir. 2008) (O'Brien, J., concurring) (distinguishing Garrett and noting that collateral challenge waiver in plea agreement would bar claim that counsel was ineffective for not filing appeal); Macias, 229 Fed. Appx. at 687 n.9 (distinguishing Garrett and enforcing collateral challenges waiver as to claim that counsel failed to consult with defendant about appeal); Davis, 218 Fed. Appx. at 784 (claim that counsel failed to file appeal does not go to validity of plea or waiver and therefore is barred by plea waiver).

language of the plea agreement and the Rule 11 colloquy established that defendant's waiver of his rights was knowing and voluntary.

### 3. Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice." Id. at 1327. This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. Anderson, 374 F.3d at 959.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant received a sentence of 168 months in prison and ten years of supervised release, which is precisely the sentence that the Assistant United States Attorney and defense counsel predicted (and virtually guaranteed) at the Rule 11 hearing. See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn refers to statute of conviction), cert. denied, 546 U.S. 980 (2005). Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings. See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005). The Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's claims are barred by the waiver of collateral challenges in the plea agreement.

## B. Substantive Merit Of Defendant's Claims (Claims 1, 2, 4 and 5)

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988) (citation omitted), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

### 1. Sentencing Objections (Claims 1 and 2)

Defendant argues that counsel was ineffective because at sentencing, he did not object to the firearm enhancement (claim 1) or the quantity of drugs (claim 2). Defendant does not state any legal or factual basis for such objections. When applying sentencing enhancements in the case of jointly undertaken criminal activity such as a drug trafficking conspiracy, the district court must consider all reasonably foreseeable acts of others in furtherance of the criminal activity. See U.S.S.G. § 1B1.3(a)(1)(B). In a conspiracy, defendant is accountable for "all reasonably foreseeable

quantities of contraband that were within the scope of the criminal activity that he jointly undertook." United States v. Lauder, 409 F.3d 1254, 1267 (10th Cir. 2005) (quotation and alterations omitted); see United States v. Sells, 541 F.3d 1227, 1235 (10th Cir. 2008) (all drugs manufactured by co-defendant foreseeable to defendant who joined conspiracy with knowledge that manufacturing methamphetamine was essential part of integrated drug enterprise); United States v. Albarran, 233 F.3d 972, 980 (7th Cir. 2000) (as co-conspirator, defendant accountable for transaction in which he did not personally participate if deal was reasonably foreseeable to him).

At sentencing, the Court determined that defendant was accountable for the drugs (including the drugs which officers found at his home) because they fell within the scope of the agreement to distribute drugs with Falcon-Falcon. See PSIR ¶ 83. The factual statement in the plea agreement also notes that defendant told officers that he had a firearm in the bedroom of his residence. In addition, the Court determined that defendant was accountable for the drug equivalent of the large amount of currency found at his residence ($39,509 which included approximately $1,284 from defendant's wallet and $1,055 in Falcon-Falcon's wallet). Counsel's failure to establish that the drugs and firearm at the residence were not reasonably foreseeable to defendant was not deficient or prejudicial. The Court therefore overrules defendant's first and second claims for relief.

        2.      <u>Counsel's Qualifications To Practice Law (Proposed Amended Claim 4)</u>

Defendant argues that his attorney is not licensed to practice in Kansas and therefore was not capable of adequately defending him. Under D. Kan. Rule 83.5.2, an attorney who is admitted to practice in the United States District Court for the Western District of Missouri may apply for admission to the bar of this Court. Defendant's attorney, who was admitted under this rule several years ago, is and was qualified to practiced law in the United States District Court for the District of Kansas. Indeed, defendant's attorney is on the Criminal Justice Act Panel of Attorneys

for the District of Kansas and has been appointed to represent more than 25 defendants in the past several years. Because defendant's counsel is an attorney in good standing in the District of Kansas, the Court overrules defendant's argument that counsel was ineffective because he is not a member of the bar of the State of Kansas.

### 3. Term Of Supervised Release (Proposed Amended Claim 5)

Defendant argues that his counsel was ineffective because he agreed to a 10-year term of supervised release when the mandatory minimum term of supervised release for the offense was only five years. In the plea agreement, the parties agreed to a sentence of 168 months in prison (which turned out to be the low end of the applicable guideline range) and ten years of supervised release. The plea agreement is not so one-sided as to suggest that defense counsel was ineffective by agreeing to a ten-year term of supervised release. Indeed, it is the standard form agreement in this District, and many experienced defense attorneys have agreed to similar provisions. Moreover, defendant concedes that upon release from prison, he likely will be deported to Mexico and not subject to supervision, see [Motion For] Amendment (Doc. #76) at 3-5, which suggests that the precise term of supervised release was not a critical element of the plea bargain. Counsel's performance in negotiating the plea agreement was well within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689.

Even if counsel was somehow deficient in negotiating the plea agreement, defendant has not shown that if counsel had sought a five-year term of supervised release, the government would have agreed to such a provision or that he would have insisted on going to trial absent such a provision. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (to show prejudice in context of guilty plea, defendant must show reasonable probability that but for counsel's errors he would not have plead guilty). The presentence investigation report correctly stated that the statutory minimum term of supervised

release was five years. At or before sentencing, defendant did not raise any challenge to the term of his supervised release or attempt to withdraw his plea. In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." <u>Davis</u>, 417 U.S. at 346. For these reasons, defendant's proposed amended claim of ineffective assistance based on the length of supervised release lacks substantive merit.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or correct Sentence By A Person In Federal Custody</u> (Doc. #74) filed February 4, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>[Motion For] Amendment For 28 U.S.C. § 2255 Motion</u> (Doc. #76) filed March 1, 2010 be and hereby is **OVERRULED**.

Dated this 23rd day of June, 2010, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge