**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 07-20077-01-KHV |
| JOSE FALCON SANCHEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Application For Certificate Of Appealability (Doc. #83) and defendant's Motion For Leave To Appeal In Forma Pauperis (Doc. #85), both filed August 9, 2010. For reasons set forth below, the Court sustains both motions.

### Factual Background

On June 20, 2007, a grand jury returned a four-count indictment which, in part, charged defendant with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Indictment (Doc. #15). On October 21, 2008, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to that charge. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #64). The agreement proposed a sentence of 168 months in prison and ten years of supervised release and waived defendant's right to appeal or collaterally attack any matter in connection with his "prosecution, conviction and sentence." Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) ¶ 9, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #64). On January 27, 2009, the

Court sentenced defendant to 168 months in prison and ten years of supervised release.[1]

Defendant did not appeal, but on February 4, 2010, he filed a motion under 28 U.S.C. § 2255. Defendant claimed that his conviction should be vacated because counsel was ineffective in that (1) he did not prevail in his objection to the firearm enhancement, (2) he did not object to the quantity of drugs and (3) he did not file an appeal despite defendant's specific instructions to do so. Defendant also sought to amend his Section 2255 motion to add claims that counsel was ineffective because (4) he was not licensed to practice law in Kansas and (5) he agreed to a ten-year term of supervised release in the plea agreement. On June 23, 2010, the Court overruled defendant's motion. See Memorandum And Order (Doc. #81).

## Analysis

### I. Defendant's Motion For Certificate of Appealability (Doc. #83)

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated below, the Court sustains defendant's motion for a certificate of appealability because of some uncertainty as to the viability of his ineffective assistance claim based on counsel's failure to file an appeal despite his

---

[1] Defendant's total offense level was 35, with a criminal history category I, resulting in a sentencing range of 168 to 210 months.

[2] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

instructions to do so.

Except as limited by United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002), defendant specifically waived his right to raise any collateral challenge in connection with his prosecution, conviction and sentence. In other words, except for claims challenging the validity of the plea or waiver, defendant waived his right to raise any collateral challenge. Because defendant's claims of ineffective assistance did not challenge the validity of the plea or waiver, the Court found that they fell within the scope of the waiver in the plea agreement.

Defendant correctly notes that a waiver of appeal in the plea agreement does not bar a claim that counsel was ineffective in refusing to file an appeal despite his client's specific instructions to do so.[3] As explained in the prior order, however, a valid waiver of collateral challenges in the plea agreement waives the right to bring a Section 2255 motion except for ineffective assistance claims which challenge the validity of the plea or the waiver. Defendant's claim that counsel failed to file an appeal does not challenge the validity of the plea or waiver.[4]

---

[3] Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If defendant requests an appeal, counsel must file a timely notice of appeal. If counsel believes after conscientious examination that an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738 (1967).

[4] See Plea Agreement ¶ 9; see United States v. Macias, 229 Fed. Appx. 683, 687 (10th Cir. 2007) (claim that counsel failed to consult with defendant about appeal barred by waiver of collateral challenges in plea agreement); United States v. Davis, 218 Fed. Appx. 782, 784 (10th Cir. 2007) (claim that counsel failed to file appeal does not go to validity of plea or waiver and therefore is barred by plea waiver); United States v. Hogan, Nos. Civ-09-430-JHP, CR-08-027-JHP, 2010 WL 2594665, at * (E.D. Okla. June 23, 2010) (same); United States v. Phelps, No. 07-40051-01-JAR,
(continued...)

In his motion for a certificate of appealability, defendant relies on United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005). For reasons stated in the prior order, the Court does not read Garrett or subsequent Tenth Circuit cases as permitting collateral challenges for ineffective assistance which do not challenge the validity of the plea or a broad waiver of Section 2255 claims. See Memorandum And Order (Doc. #81) at 5-7; United States v. Shaw, 292 Fed. Appx. 728, 733 n.4 (10th Cir. 2008) (O'Brien, J., concurring) (distinguishing Garrett and noting that collateral challenge waiver in plea agreement would bar claim that counsel was ineffective for not filing appeal); Macias, 229 Fed. Appx. at 687 n.9 (distinguishing Garrett and enforcing collateral challenges waiver as to claim that counsel failed to consult with defendant about appeal); Davis, 218 Fed. Appx. at 784 (claim that counsel failed to file appeal does not go to validity of plea or waiver and therefore is barred by plea waiver).[5] Even so, the Court recognizes some uncertainty on the issue in light of the

---

[4](...continued)
2010 WL 1677754, at *4 (D. Kan. Apr. 26, 2010) (same); United States v. Olden, No. 04-cr-071-TCK, 2009 WL 2922989, at *2 (N.D. Okla. Sept. 9, 2009) (claim for failure to appeal when client instructed counsel to do so barred by waiver of collateral challenges in plea agreement); see also United States v. Mabry, 536 F.3d 231, 239-42 (3d Cir. 2008) (even if counsel was obliged to file direct appeal, waiver of collateral review bars relief); Lewis v. United States, No. 08-2084-PHX-DGC, 2009 WL 4694042, at *5 (D. Ariz. Dec. 4, 2009) (Flores-Ortega does not address enforceability of waiver of collateral attack rights).

[5] The Court recognizes that some claims of ineffective assistance based on a failure to appeal may be viable despite a voluntary waiver if defendant can establish that enforcement of the waiver results in a miscarriage of justice. Defendant may satisfy this standard by showing that the waiver is unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004). If for example a defendant contended that counsel was ineffective for refusing to file an appeal on an issue which was expressly preserved in the plea agreement, the Court likely would find that enforcing the waiver would result in a miscarriage of justice. See United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007) (miscarriage of justice to enforce waiver where counsel fails to file appeal, as instructed, of issue which defendant had explicitly preserved in plea agreement and colloquy). Here, however, defendant apparently sought to appeal issues which were well within the scope of the waiver.

Tenth Circuit decision in United States v. Guerrero, 488 F.3d 1313 (10th Cir. 2007).[6] Because reasonable jurists may find this Court's assessment debatable, the Court grants defendant's application for a certificate of appealability.

**II.    Defendant's Motion To Appeal In Forma Pauperis (Doc. #85)**

In his affidavit, defendant states that he receives $18.00 per month from his prison job and that except for $15.04 in his prison account, he has no assets. Defendant also receives $130.00 per month from family members. The Court is satisfied that pursuant to Rule 24(a), Fed. R. App. P., defendant financially qualifies for *in forma pauperis* status. In addition, the Court finds that defendant's appeal is taken in good faith. See Fed. R. App. P. 24(a)(4)(B); Coppedge v. United States, 369 U.S. 438, 448 (1962) (good faith is objective standard measured by whether appeal is "frivolous" or lacks "rational argument on the law or facts"). Accordingly, defendant's motion to proceed *in forma pauperis* is sustained.

**IT IS THEREFORE ORDERED** that defendant's Application For Certificate of

---

[6]     In Guerrero, the Tenth Circuit stated as follows:

> In Garrett, this court applied Flores-Ortega and Snitz to a case in which the district court dismissed a § 2255 motion asserting ineffective assistance of counsel for failure to file an appeal, on the ground that the defendant had waived his right to appeal or collaterally attack his sentence in his plea agreement. Garrett, 402 F.3d at 1265-66. This court recognized that the defendant's "appellate rights have been significantly limited by his waiver, but [that] the waiver does not foreclose all appellate review of his [conviction and] sentence." Id. at 1266-67. We held that if the defendant "actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal." Id. at 1267. This is true "regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit." Id. (citations omitted).

Guerrero, 488 F.3d at 1315. Guerrero does not specifically address the scope of the waiver of collateral challenges or how such a waiver permits a claim which does not challenge the validity of the plea or waiver.

Appealability (Doc. #83) filed August 9, 2010 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Leave To Appeal In Forma Pauperis (Doc. #85) filed August 9, 2010 be and hereby is **SUSTAINED**.

The Clerk is directed to forward a copy of this order to the Clerk of the Tenth Circuit.

Dated this 18th day of August, 2010, at Kansas City, Kansas.

                                      s/ Kathryn H. Vratil
                                      KATHRYN H. VRATIL
                                      United States District Judge